United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Angela M. Arehart  
    Debtor

Case No. 17-16585-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Randi     Page 1 of 1     Date Rcvd: Jun 26, 2019  
                     Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 28, 2019.  
db         Angela M. Arehart,   116 Evansburg Road,   Collegeville, PA  19426-3104

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                       TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                       TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 28, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 26, 2019 at the address(es) listed below:

         ALEXANDRA T. GARCIA    on behalf of Creditor    Pacific Union Financial, LLC ecfmail@mwc-law.com, ecfmail@ecf.courtdrive.com  
         CELINE P. DERKRIKORIAN    on behalf of Creditor    Pacific Union Financial, LLC ecfmail@mwc-law.com  
         DANIEL P. MUDRICK    on behalf of Debtor Angela M. Arehart dpmudrick@verizon.net, G30229@notify.cincompass.com  
         FRANCIS THOMAS TARLECKI    on behalf of Creditor    Pacific Union Financial, LLC ecfmail@ecf.courtdrive.com, ecfmail@mwc-law.com  
         JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com, ecfemails@ph13trustee.com  
         JOSEPH JASPER SWARTZ    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy2@state.pa.us, RA-occbankruptcy6@state.pa.us  
         KARINA VELTER    on behalf of Creditor    JPMorgan Chase Bank, N.A. amps@manleydeas.com  
         KEVIN S. FRANKEL    on behalf of Creditor    Nationstar Mortgage LLC et al.... pa-bk@logs.com  
         RAYMOND M. KEMPINSKI    on behalf of Creditor    Pacific Union Financial, LLC raykemp1006@gmail.com, raykemp1006@gmail.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
         WILLIAM EDWARD CRAIG    on behalf of Creditor    Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer Services ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com  
                                                                                                                   TOTAL: 13

In re                                         :        Chapter 13

ANGELA M. AREHART

    Debtor(s)
                                              :        Bankruptcy No. 17-16585AMC

## ORDER CONFIRMING PLAN UNDER CHAPTER 13

AND NOW, this 26th day of June, 2019 consideration of the plan submitted by the debtor under Chapter 13 of title 11 U.S.C. and the standing trustee's report which has been filed; and it appearing that
    A. a meeting of creditors upon notice pursuant to 11 U.S.C. 341 (a) and a confirmation hearing upon notice having been held;
    B. the plan complies with the provisions of 11 U.S.C. 1322 and 1325 and with other applicable provision of title 11 U.S.C.;
    C. any fee, charge or amount required under chapter 13 of title 28 or by the plan, to be paid before confirmation, has been paid;
    D. the plan has been proposed in good faith and not by any means forbidden by law;
    E. the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of title 11 on such date;
    F. with respect to each allowed secured claim provided for by the plan-
        (1) the holder of such claim has accepted the plan;
        (2) (a) the plan provides that the holder of such claim retain the lien securing such claim, and
            (b) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claims is not less than the allowed amount of such claim; or
        (3) the debtor has agreed to surrender or has surrendered the property securing such claim to such holder of the claim; and
    G. the debtor will be able to make all payments under the plan and to comply with the plan;
WHEREFORE, it is ORDERED:
    1. that the plan is CONFIRMED
    2. that pursuant to 11 U.S.C. 1327 the provisions of the confirmed plan bind the debtor and each of the creditors of the debtor, whether or not the claim of such creditor is provided for by the plan, and whether or not said creditor has objected to, has accepted or has rejected the plan; and
    3. that all property of the estate, including any income, earnings, other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the plan shall revest in the debtor(s); provided, however, that no property received by the trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the plan.

                                                            Honorable Ashely M. Chan
                                                            United States Bankruptcy Judge